ELECTRONIC CITATION: 2011 FED App. 0001P (6th Cir.)
File Name: 11b0001p.06

# BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT

| | |
|---|---|
| In re: CARY SHAWN ROSSI and DANA JEAN ROSSI,<br><br>            Debtors.<br>_____<br><br>AUTO-OWNERS INSURANCE a/k/a OWNERS INSURANCE COMPANY and ALLEN JARVIS,<br><br>            Appellants,<br><br>            v.<br><br>CARY SHAWN ROSSI and DANA JEAN ROSSI,<br><br>            Appellees. | No. 10-8068 |

Appeal from the United States Bankruptcy Court
for the Eastern District of Kentucky
Case No. 09-61828; Adv. No. 10-06034

Decided and Filed: February 15, 2011

Before: BOSWELL, HARRIS, and SHEA-STONUM, Bankruptcy Appellate Panel Judges.

---

## COUNSEL

**ON BRIEF:** Taft A. McKinstry, FOWLER MEASLE & BELL PLLC, Lexington, Kentucky, for Appellants. Marcia A. Smith, Corbin, Kentucky, for Appellees.

## OPINION

ARTHUR I. HARRIS, Bankruptcy Appellate Panel Judge. Auto-Owners Insurance a/k/a Owners Insurance Company and Allen Jarvis appeal an order of the bankruptcy court granting a motion to remand a case to the state court from which it was removed. For the reasons that follow, we DISMISS the appeal for want of jurisdiction.

### I. ISSUES ON APPEAL

The issues presented by this appeal are centered around the question of whether a state court action brought by insureds against their insurance company and agent should be tried in the state court where the suit was brought or in the bankruptcy court where the insureds' chapter 7 case was previously pending. Preliminarily, however, the issue is whether we have jurisdiction to hear the appeal. Because we conclude that we do not, we will not reach the other issues presented by the parties.

### II. JURISDICTION AND STANDARD OF REVIEW

The United States District Court for the Eastern District of Kentucky has authorized appeals to this Panel, and neither party has timely elected to have this appeal heard by the district court. 28 U.S.C. §§ 158(b)(6), (c)(1). A final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). For purposes of appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted). As the order of remand leaves the bankruptcy court with nothing further to do, it is a final order. Nevertheless, for the reasons that follow, the bankruptcy court's order is not appealable. *See* 28 U.S.C. § 1447(d).

### III. FACTS

On November 9, 2009, Cary Shawn Rossi and Dana Jean Rossi ("Debtors") filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. On November 10, 2009, Maxie E.

Case 10-06034-jms   Doc 28   Filed 02/15/11   Entered 02/15/11 09:24:40   Desc Main
Document      Page 3 of 5

Higgason, Jr. ("Trustee") was appointed Trustee in the case. On January 7, 2010, the Debtors attended their 11 U.S.C. § 341 meeting of creditors. On January 19, 2010, the Debtors' home and personal property were destroyed by a fire and deemed a total loss. Following the fire, the Debtors contacted their insurance carrier, Auto-Owners ("Auto-Owners") to advise it of the fire and to make a claim under their insurance policy. Upon notice of the fire, Auto-Owners contacted the Trustee regarding the loss. The Trustee advised Auto-Owners to make direct payment to the mortgagee for the loss and, because the value of the property identified by the Debtors on their bankruptcy schedules was within the applicable bankruptcy exemptions, the Trustee advised Auto-Owners to negotiate a settlement of the personal property claim directly with the Debtors. Auto-Owners then made payments to the Debtors of all amounts identified in their bankruptcy schedules. On February 2, 2010, the Trustee filed a report of no distribution stating that he had made a diligent inquiry into the Debtors' financial affairs and property, and there was no property available for distribution. The Debtors received their discharge, and their case was closed on March 30, 2010.

Although not germane to the issue currently before the Panel, it is important to point out that there was a discrepancy between the Debtors and Auto-Owners over the amount Auto-Owners paid the Debtors for the loss of their personal property. The Debtors valued their personal property at $2,200 on their bankruptcy schedules, yet when asked by Auto-Owners to complete inventory forms documenting the type and value of the property lost in the fire, the Debtors valued the damaged property at $45,924.88. The Debtors never amended their bankruptcy schedules, and so Auto-Owners only paid the Debtors $2,200 for the loss of their personal property. The Debtors were dissatisfied with the small payout. Consequently, following the closing of their case, the Debtors filed suit in Whitley Circuit Court, Commonwealth of Kentucky, against Auto-Owners and Allen Jarvis, the Debtors' insurance agent, (collectively "Defendants"), alleging breach of contract and failure to pay all amounts due under their insurance policy.

On June 28, 2010, the Defendants filed a notice of removal of the Whitley Circuit Court case to the United States Bankruptcy Court for the Eastern District of Kentucky. The removed lawsuit was designated as adversary proceeding No. 10-06034. The Defendants based their removal on the bankruptcy removal statute, 28 U.S.C. § 1452, and 28 U.S.C. § 1334. On July 26, 2010, the Debtors filed a motion to remand the case to Whitley Circuit Court pursuant to 28 U.S.C. § 1447(c). In their motion to remand, the Debtors asserted that the insurance claim was not property of the estate, and,

even if it were, the claim would be entirely exempt. On August 16, 2010, the Defendants responded, asserting that the motion to remand should be denied because the insurance proceeds were property of the estate and the bankruptcy court "must exercise its jurisdiction and judicially estop the [Debtors] from asserting two different values for property identified on their Schedules." (Defendants' Response and Objection to [Debtors'] Motion to Remand, Adv. Proc. Docket #11, at 9.)

The bankruptcy court held a hearing on the Debtors' motion to remand on August 18, 2010. Supplemental memoranda in support of their respective positions were submitted by the parties thereafter. On August 26, 2010, the bankruptcy court issued an order granting the Debtors' motion to remand. The Defendants timely filed a notice of appeal on September 9, 2010.

## IV. DISCUSSION

Although the Debtors only briefly argue that the Panel lacks subject matter jurisdiction to hear an appeal of the remand order, *see* Appellee Brief at 32-33, "federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). Section 1447(d) of Title 28 bars review of the bankruptcy court's order of remand in this matter:

> An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise.

This bar applies to remand of cases removed under 28 U.S.C. § 1452, the bankruptcy specific removal statute. *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 129, 116 S. Ct. 494, 497 (1995). In *Things Remembered*, the Supreme Court held that "[i]f an order remands a bankruptcy case to state court because of a timely raised defect in removal procedure or lack of subject-matter jurisdiction, then a court of appeals lacks jurisdiction to review that order under § 1447(d), regardless of whether the case was removed under § 1441(a) or § 1452(a)." *Id.*

In the case before us, the order of remand does not specify the grounds for remand; however, the Debtors' motion to remand, which the bankruptcy court granted, indicates in the very first sentence that the basis for remand is 28 U.S.C. § 1447(c). In addition, review of the transcript from

the hearing on the motion to remand reveals that the bankruptcy court was focused on determining whether it had subject matter jurisdiction. Although the court did not state the test by name, it appears to be focusing on the *Pacor* test adopted by the Sixth Circuit Court of Appeals in *Robinson v. Mich. Consol. Gas Co., Inc.*, 918 F.2d 579, 583 (6th Cir. 1990). The *Pacor* test for "'determining whether a civil proceeding is related to bankruptcy [under 28 U.S.C. § 1334(b)] is whether *the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy.*'" *Id.* (emphasis in original) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984)). At the hearing in the case presently before the Panel, the bankruptcy court specifically stated that the "only issue that is important to me this morning is what impact, if any, the conclusion of this litigation will have on this estate." (August 18, 2010, transcript of hearing, Adv. Proc. Docket #27, at 6.) Focusing on that issue, the bankruptcy court asked the Trustee whether there would be any recovery of money for the estate. The Trustee responded that there would be no recovery for the estate, as any money received would be exemptible.

Following the hearing, the bankruptcy court issued its order granting the Debtors' motion to remand. It appears that the court remanded the case pursuant to 28 U.S.C. § 1447(c) for lack of subject matter jurisdiction; however, whether the court was correct in determining that it lacked subject matter jurisdiction is irrelevant. Either way, 28 U.S.C. § 1447(d) and the Supreme Court's holding in *Things Remembered* bar us from reviewing the bankruptcy court's decision to remand the case.

## V. CONCLUSION

For the foregoing reasons, we conclude that we lack jurisdiction to hear this appeal. Accordingly, the appeal is DISMISSED.